O’Neall, J.,
delivered the opinion of the Court.
In this case we are of opinion, that if the facts stated in the petition be true, the prayer of the petition ought to be granted; and therefore, that the motion for a reference ought not to have been rejected. The petitioner was appointed a trustee by this Court, *397 and not by the parties; and he was, therefore, the officer of the Court, for the management of the trust, which the Court had undertaken to manage. When the Court of Equity assumos the management of a trust, it is for the benefit of the cestuy que trust, and not to lock up the trust fund, so that he can never have the benefit of it. According to the statement made in the petition, the cestuys que trust are perpetually exiled from South Carolina, and can never enjoy the trust here. The inquiry would then necessarily be, whether it is most to the advantage of all concerned, that it should be transferred to their residence in Philadelphia. If it is, then the Court should pursue that course. The only difficulty is in the fact, that the cestuys que trust in remainder are minors, and not parties. It would, perhaps, be well, before a final order is made, that they should, in some shape, be made parties to this proceeding. It is therefore ordered, and decreed, that the order rejecting the petition be reversed, and that the petition be remanded to the Circuit Court for examination and trial.
Johnson, J., and Harper, J., concurred.

Order reversed.